# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:13cv28

| | |
|---|---|
| ROLAND-FRANCIS: OF THE FAMILY CROTEAU, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )     MEMORANDUM AND )     RECOMMENDATION |
| OCWEN LOAN SERVICING, LLC, TRUSTEES GRADY I. INGLE and ELIZABETH B. ELLS, | ) ) ) ) |
| Defendants. | ) |

Pending before the Court are Defendants' Motions to Dismiss [# 4 & # 7]. Plaintiff, who is proceeding *pro se*, brought this action in state court asserting claims for negligence against Defendants. Defendants move to dismiss the Complaint in its entirety. After the Court entered an Order advising Plaintiff of his obligation to respond to the pending motions, Plaintiff filed a memorandum in opposition to the motions. The Court now **RECOMMENDS** that the District Court **GRANT** the motions [# 4 & # 7].

I.     Background

Plaintiff Ronald-Francis: of the family CROTEAU is a citizen of North Carolina. (Pl.'s Compl. at ¶ 2.) In early 2013, Plaintiff sent a number of

correspondences to Defendant Ocwen Loan Servicing, LLC ("Ocwen") in an effort to settle the outstanding mortgage debt of third party Timothy L. Carney as to property located at 183 Shepard Drive in Hayesville, North Carolina. (Pl.'s Compl. at ¶¶10, 14; Ex. C to Pl.'s Compl.; Ex. D to Pl.'s Compl.; Ex. E to Pl.'s Compl.) Carney had previously taken out a mortgage in the amount of $136,000.00 with Taylor, Bean & Whitaker Mortgage Corp. for 163 Shepard Drive. (Ex. E to Pl.'s Compl.) At some point, Defendant Ocwen purchased the mortgage taken out by Carney. (Pl.'s Compl. at ¶¶ 21-23, 26.) Plaintiff then provided Defendant Ocwen with a short sale contract in the amount of $ 30,000.00 for the property located at 183 Shepard Drive that was signed by Plaintiff and Carney. (Ex. D to Pl.'s Compl.)

The remaining factual allegations, however, are less than clear. It appears that Defendant Ocwen then foreclosed on 183 Shepard Drive. (Pl.'s Compl. ¶¶ 16-18.) Plaintiff, however, contends that through some series of mistakes by Defendant Ocwen, a lien was placed on the incorrect property and that Plaintiff's property at 973 Butternut Lane was aligned with the property at 163 Shepard Drive. (Pl.'s Compl. ¶¶ 18-23.) Plaintiff contends that Defendant Ocwen was negligent in failing to conduct a survey and inspecting the property prior to foreclosing on 183 Shepard Drive. (Pl.'s Compl. ¶¶ 18-22, 32-33.)

In addition, Plaintiff contends that the Note for 163 Shepard Drive was actually discharged by the Federal Deposit Insurance Corporation, but that Defendant Ocwen continued to collect mortgage payments from Carney. (Pl.'s Compl. ¶¶ 29-30.) As a result of Defendant Ocwen's actions in continuing to collect on the Note, Carney was forced to declare bankruptcy. (Pl.'s Compl. ¶ 31.) Plaintiff now asserts this action requesting various forms of relief, including that the Court Quiet Title at 973 Butternut Lane.

**II.    Legal Standard**

The central issue for resolving a Rule 12(b)(6) motion is whether the claims state a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering Defendants' motions, the Court accepts the allegations in the Complaint as true and construes them in the light most favorable to the Plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92. Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189. The Court, however, must also construe the allegations in the Complaint liberally since Plaintiff is proceeding *pro se.* See Slade v. Hampton Roads Reg'l Jail, 407 F.3d

243, 253 (4th Cir. 2005); Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. Nor will mere labels and legal conclusions suffice. Id. Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

The Complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must

move a plaintiff's claim from possible to plausible.  Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

**II.     Analysis**

**A.     Quiet Title**

Although stated as a negligence claim, it appears that Plaintiff is actually asserting a claim to quiet title as to 973 Butternut Lane.  Pursuant to North Carolina General Statute § 41-10, an individual may bring an action to quiet title against another individual who claims an adverse interest in real property.  Such a claim requires that a plaintiff allege two elements: (1) that the plaintiff owns the land in question or has some estate or interest in the land; and (2) that the defendant asserts a claim to the land that is adverse to plaintiff's title, estate or interest.  Countrywide Home Loans, Inc. v. Bank One, N.A., 661 S.E.2d 259, 262 (N.C. Ct. App. 2008); New Covenant Worship Ctr. v. Wright, 601 S.E.2d 245, 250-51 (N.C. Ct. App. 2004).  "The purpose of the statute granting a cause of action to quit title is to free the land of the cloud resting upon it and make its title clear and indisputable, so that it may enter the channels of commerce and trade unfetered and without the handicap of suspicion."  Kelley v. Citifancial Servs., Inc., 696 S.E.2d 775, 779 (N.C. Ct. App. 2010) (internal citations and quotations omitted).

Reading the allegations in the Complaint liberally, Plaintiff sufficient alleges that he is the owner of the property at 973 Butternut Lane. (Pl.'s Compl. ¶ 23, 26; Pl.'s Compl. at p. 5.) The Complaint, however, fails to allege that any of the Defendants assert a claim to 973 Butternut Lane that is adverse to Plaintiff's interest. All of the factual allegations regarding Defendant Ocwen involve its steps to foreclose on the 183 Shepard Drive property, which was owned by Carney. The Complaint is devoid of allegations that Defendant Ocwen foreclosed on 973 Butternut Lane, or that it asserts any interest in this property. Moreover, there are no factual allegations whatsoever related to Defendants Grady Ingle and Elizabeth Ells, and it is unclear to the Court why they are even named as defendants in this action. Accordingly, the Court **RECOMMENDS** that the District Court **DISMISS** the Quiet Title claim asserted in the Complaint.

### B. Plaintiff's Negligence Claims

To the extent the Complaint also asserts negligence claims against Defendants, such claims are also subject to dismissal. In order to state a claim of negligence under North Carolina law, a plaintiff must allege: (1) that the defendant owned a legal duty to plaintiff; (2) that defendant breached that legal duty; and (3) that the defendant's breach of the legal duty proximately caused plaintiff's injury. Carsanaro v. Colvin, 716 S.E2d 40, 45 (N.C. Ct. App. 2011); Fussell v. N.C. Farm

Bureau Mut. Ins. Co., Inc., 695 S.E.2d 437, 440 (N.C. Ct. App. 2010). Fatal to Plaintiff's negligence claims are that Plaintiff fails to allege any facts giving rise to any duty owed by Defendants to Plaintiff. All of the factual allegations concern actions taken by Defendant Ocwen in foreclosing on 183 Shepard Drive and purchasing the note on 163 Shepard Drive. Plaintiff never owned either of these properties, and there are no allegations that Plaintiff has any relationship whatsoever with Defendant Ocwen or the individual Defendants. Moreover, it is unclear how the alleged actions and inactions of Defendant Ocwen harmed Plaintiff, as opposed to Carney. In short, Plaintiff has failed to plead sufficient plausible factual allegations to support the elements of a negligence claim against the Defendants. Accordingly, the Court **RECOMMENDS** that the District Court **DISMISS** the negligence claims asserted in the Complaint.

### III. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Motions to Dismiss [# 4 & # 7] and **DISMISS** the Complaint in its entirety.

Signed: December 26, 2013

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).